UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ANN C. WORD,

                  Plaintiff,                       Civil Action No.
                                                 10-CV-13441
vs.

STATE OF MICHIGAN; MICHIGAN               PAUL D. BORMAN
STATE HOUSING AUTHORITY; DARCY      UNITED STATES DISTRICT JUDGE
CARPENTER and BRANDY WESTCOT


                 Defendants.
_____/

**ORDER DENYING PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING
ORDER AND TO SHOW CAUSE**

**I.  BACKGROUND**

On August 27, 2010, Ann C. Word ("Plaintiff") filed a document with this Court entitled

"Petition for Judicial Review of an Administrative Agency's Action and Request for Temporary

Restraining Order."  Plaintiff claimed that the State of Michigan, and specifically, the Michigan

State Housing Development Authority ("MSHDA"), along with its employees, Darcy Carpenter, and

Brandy Westcot (collectively "Defendants"), denied her due process rights when they terminated

her Housing Assistance Payments ("HAP") Contract and demanded that $21,347 be repaid to the

MSHDA.

Plaintiff participated as a landlord in the Housing Choice Voucher ("HCV") program, which

allows very low-income individuals to rent or purchase privately owned housing.  Housing Choice

Vouchers Fact Sheet, http://www.hud.gov/offices/pih/programs/hcv/about/fact_sheet.cfm (last

visited Nov. 3, 2010). The program is funded by the United States Department of Housing and

Urban Development ("HUD") and is administered by state agencies, in this case the MSHDA. *Id.*

The tenant is obligated to pay a certain percentage of the monthly rent, and the remaining rent

payment is subsidized using HUD funding. *Id.*

Westcot, a HCV Compliance Coordinator, informed Plaintiff of the MSHDA's demand for

repayment in a letter dated May 20, 2010. The letter stated that Plaintiff violated her HAP Contract

and MSHDA policy by renting a unit to a tenant whom she was related to, and by utilizing a rental

unit as her primary address. Plaintiff disputed these claims in a letter addressed to Westcot,

including an affidavit in which Plaintiff attests to certain facts stated in the letter. Westcot replied

in a letter dated June 5, 2010, and stated:

> The HUD Regulations that govern the HCV Program do not contain
> a provision for hearings for landlord HCV participants; however, if
> you wish for an Informal Review to be conducted in regard to the
> termination of your HAP Contract, you should make a request for
> such a review in writing. For an Informal Review to be conducted,
> send your written request to my attention, along with any supporting
> documents you wish to have considered, and I will forward your
> materials to a HCV Manager, who will conduct a review.

Plaintiff responded with a three-page letter on June 18, 2010, stating that she did not remember

agreeing to the terms that Defendants claim she violated. Plaintiff also stated her belief that due

process entitled her to a hearing.

In a letter dated July 8, 2010, Carpenter, the HCV Manager, stated that the MSHDA had

completed its review of Plaintiff's file and found that she violated her HAP Contract by having a

familial relationship with her tenant and by using a rental unit as her residence:

> As either one of the above-listed violations . . . in and of itself
> constitutes a breach of the HAP Contract, and the file contains a
> preponderance of evidence to support either charge, I find that

2

MSHDA acted properly in terminating your HAP Contract.

Plaintiff then filed the instant Petition and Request for Temporary Restraining Order with this Court. Plaintiff's Petition was served only on Westcot and Carpenter, and it did not include a Summons. No attorney has filed an appearance on behalf of Westcot, Carpenter, or the MSHDA, and it does not appear that they have taken any action in this case. The Deputy Clerk issued a Notice Requiring a Response on September 17, 2010, to the Michigan Attorney General. The Attorney General filed a Response on October 11, 2010. Plaintiff filed a Reply on October 25, 2010.

## II. PLAINTIFF'S REQUEST FOR A TEMPORARY RESTRAINING ORDER

Federal Rule of Civil Procedure 65(b) empowers this Court to issue a temporary restraining order only if "specific facts in an affidavit or a verified complaint clearly show that immediate and *irreparable* injury, loss, or damage will result to the movant . . ." (emphasis added). In determining whether to issue a temporary restraining order, the Court considers four factors: (1) the likelihood of Plaintiff's success on the merits; (2) whether the injunction will save the Plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served by the injunction. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985).

Plaintiff does not specifically address any of the *DeLorean* factors in her Request for a Temporary Restraining Order. Therefore, it is not clear that any of these factors weigh in Plaintiff's favor. In addition, the Court notes that the second factor is particularly dispositive in this case. Plaintiff's request is, in essence, an attempt to prevent the State of Michigan from reclaiming $21,347 in HAP payments. If the State's actions are wrongful as Plaintiff alleges, she has an adequate legal remedy under 42 U.S.C. § 1983. "Equity will not interfere to restrain the breach of a contract, or the commission of a tort, or the violation of any right, when the legal remedy of

3

compensatory damages would be complete and adequate." *Clemons v. Board of Ed. of Hillsboro, Ohio*, 228 F.2d 853, 857 (6th Cir. 1956).

Plaintiff's Request for a Temporary Restraining Order is **DENIED**.

## III.  ORDER TO SHOW CAUSE

Federal Rule of Civil Procedure 4(c)(1) requires a plaintiff to serve a summons with a copy of the complaint in every civil case.  Plaintiff attached a "Certificate of Service" to her Petition attesting that it was mailed to Westcot and Carpenter, but Plaintiff never filed a summons with this Court or served a summons on any Defendants in this matter.  Plaintiff states that this is because her action is a "Petition for Judicial Review," not a civil action, and therefore neither a complaint nor a summons was required.  Plaintiff does not cite any federal rule, statute, or case law that supports this proposition.

Absent some statutory authority authorizing this action, Plaintiff's filing is procedural defective and improper.  Judicial review of administrative agency decisions must be based on some statutory authority and must follow applicable procedural rules.  For example, decisions of Michigan administrative agencies may be reviewed in a Michigan Circuit Court pursuant to Mich. Comp. Laws § 24.263.  Decisions by federal administrative agencies can be reviewed in this Court pursuant to rules set forth in 5 U.S.C. § 701, et seq.  In addition, an action by a state administrative agency that deprives an individual of rights granted by the United States Constitution can be brought *as a civil action* in this Court under 42 U.S.C. § 1982.  Plaintiff's action takes none of the above forms. Instead, Plaintiff alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1330 and § 1331. However, both of these provisions confer jurisdiction for a "civil action," which is subject to Federal Rule of Civil Procedure 4(c).  Again, Plaintiff alleges that this is not a civil action, and therefore

concedes that the above provisions do not confer jurisdiction. Plaintiff also alleges that jurisdiction exists under 28 U.S.C. § 1355, which concerns the recovery of fines and penalties enforced by the federal government. But Plaintiff has named the State of Michigan and the MSHDA as Defendants, not the federal government. In addition, Plaintiff fails to show why normal service of process does not or should not apply to actions arising under § 1355.

Therefore, the Court **ORDERS** Plaintiff to show cause within fifteen (15) days of the date of this Order that: (1) the Court enjoys proper subject matter jurisdiction over this action, and (2) the Defendants in this case have received adequate service of process in compliance with the Federal Rules of Civil Procedure or an otherwise applicable federal statute governing this action. Failure to do so will result in dismissal pursuant to Fed. R. Civ. P. 12(h)(3) or 4(m).


SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: November 4, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 4, 2010.


s/Denise Goodine
Case Manager