UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANN C. WORD,

        Plaintiff,                     Civil Action No.
                                                 10-CV-13441

vs.

                                                 PAUL D. BORMAN
STATE OF MICHIGAN; MICHIGAN         UNITED STATES DISTRICT JUDGE
STATE HOUSING AUTHORITY; DARCY
CARPENTER and BRANDY WESTCOT

        Defendants.
_____/

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL**

On August 27, 2010, *pro se* Plaintiff Ann C. Word filed a "Petition for Judicial Review of an Administrative Agency's Action and Request for Temporary Restraining Order" with this Court. (Dkt. No. 1). Plaintiff, whose mailing address is in South Carolina, alleges that the State of Michigan, Michigan State Housing Authority, and its employees, Darcy Carpenter and Brandy Westcot (collectively, "Defendants"), denied her due process rights.

On January 31, 2011, Defendants filed a Motion to Dismiss. (Dkt. No. 18). The Court scheduled a hearing on Defendants' Motion for May 12, 2011. Plaintiff now moves for appointment of counsel. (Dkt. No. 23).

Appointment of counsel in a civil case "is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). Exceptional circumstances exist generally where the case involves complex legal or factual issues. *Id.*

1

Appointment of counsel "is not appropriate when a *pro se* litigant's claims are frivolous, . . . or when the chances of success are extremely slim." *Id*. (citations omitted). "Some of the factors the court should consider when making the decision to appoint counsel include the viability or frivolity of the indigent's claims, the nature and complexity of the case, and the indigent's ability to present the case." *Haines v. Saginaw Police Dept.*, 35 F.3d 565, *2 (6th Cir. Aug. 17, 1994) (unpublished).

    Plaintiff argues that she "presents a serious constitutional challenge which may affect many other individuals other than herself[.]" (Pl.'s Mot. 2). The Court also notes that Plaintiff, as a resident of South Carolina, will have a difficult time presenting her case in Michigan. However, the Court does not find that the legal or factual issues present in the instant case are of the complexity that qualify as exceptional circumstances. Moreover, at this early stage in the litigation, the Court cannot adequately gauge the frivolity of Plaintiff's claims or her likelihood of success.

    The Court may find reason to reconsider its decision after ruling on Defendants' Motion to Dismiss. Plaintiff's Motion will therefore be dismissed without prejudice.


    **SO ORDERED.**


                                              S/Paul D. Borman  
                                              PAUL D. BORMAN  
                                              UNITED STATES DISTRICT JUDGE

Dated:  April 28, 2011

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means and upon

**Ann C Word**
636 Bowen Drive
Sumter, SC 29150

by  U.S. Mail on April 28, 2011.

                                                  S/Denise Goodine

                                                  Case Manager