UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANN C. WORD,

            Plaintiff,                  Civil Action No.
                                          10-CV-13441

vs.

                                          PAUL D. BORMAN
STATE OF MICHIGAN; MICHIGAN        UNITED STATES DISTRICT JUDGE
STATE HOUSING AUTHORITY; DARCY
CARPENTER and BRANDY WESTCOT

            Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This case was initiated by *pro se* Plaintiff Ann C. Word's request for this Court to review the actions of an administrative agency. The named Defendants are the State of Michigan, Michigan State Housing Development Authority ("MSHDA"), and MSHDA employees Darcy Carpenter and Brandy Westcot.

On January 31, 2011, Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), (2) and (6). (Dkt. No. 18.) Plaintiff responded on March 7, 2011. (Dkt. No. 20.) Defendants filed a Reply on March 28, 2011. (Dkt. No. 21.) The Court held a hearing on Defendants' Motion on May 12, 2011.

For the reasons stated below, the Court will grant Defendants' Motion to Dismiss.

1

## II. BACKGROUND

### A. Procedural Background

On August 27, 2010, Plaintiff filed a document entitled "Petition for Judicial Review of an Administrative Agency's Action and Request for Temporary Restraining Order." (Dkt. No. 1.) Plaintiff did not properly serve this document or a summons on any of the Defendants. The Court issued an Order Denying Plaintiff's Request for Temporary Restraining Order and to Show Cause on November 4, 2010. (Dkt. No. 7.) Plaintiff responded on November 15, 2010, arguing that her filing should be construed as an action for "judicial review," not a civil action, and therefore the normal rules of procedure did not apply. (Dkt. No. 8.) On December 21, 2010, the Court issued a Notice of Impending Dismissal, stating as follows:

> Plaintiff argues that her petition does not require a summons because she is requesting judicial review of an administrative agency decision. However, Plaintiff has not provided any persuasive statutory or case law showing that her claim does not require the normal procedure for service of process over a defendant in federal court. Accordingly, the Court finds that service of process has not been properly executed in this case.

(Notice of Impending Dismissal at 1) (Dkt. No. 9.)

On January 19, 2011, Plaintiff filed three Certificates of Service reflecting that a Summons and Complaint had been mailed to the Michigan Attorney General's Office and to Darcy Carpenter and Brandy Westcot. (Dkt. Nos. 10, 11 and 12.) The Certificates reflect that Plaintiff attempted service on Defendants Carpenter and Westcot by mailing the Summons and Complaint to a post office box address for Defendant MSHDA in Lansing, Michigan. Defendants claim, however, that Defendant Carpenter was no longer working for MSHDA when the summons was mailed to her, and that those documents were subsequently returned to Plaintiff. (Defs.' Mot. at 1, FN 1.) Plaintiff does not dispute this in her Response.

2

On April 5, 2011, the Court issued an Order to Show Cause why Plaintiff's claims against Defendant Carpenter should not be dismissed for failure to prosecute. (Dkt. No. 22.) Plaintiff did not file a response, which was due by April 28, 2011. Accordingly, the Court will dismiss all claims against Defendant Carpenter, pursuant to E.D. Mich. LR 41.2.

On April 25, 2011, Plaintiff filed a Motion to Appoint Counsel. (Dkt. No. 23.) The Court denied Plaintiff's Motion without prejudice on April 28, 2011. (Dkt. No. 24.)

**B. Factual Background**

Plaintiff was a participant in a Housing Choice Voucher ("HCV") program. The program is administered by MSHDA, using federal funding available through the United States Department of Housing and Urban Development ("HUD"), and is intended to assist very low-income individuals to rent or purchase privately owned housing. *See generally* 24 C.F.R. §§ 883.101-883.608. Under the HCV program, Plaintiff received Housing Assistance Payments ("HAP") from MSHDA while leasing her property[1] to tenants who could only pay a percentage of the market rate. To receive the HCV subsidy, Plaintiff was required to sign a HAP contract with MSHDA.

In a letter dated May 20, 2010, Defendant Westcot informed Plaintiff that she had violated the HAP contract. (Dkt. No. 1-10.)[2] Specifically, Defendant Westcot stated that, "based on documents obtained from the Michigan Department of State, and other sources[,]" there was evidence that Plaintiff had a familial relationship with her tenant and that she was using the rental property as her primary residence, either of which constituted a breach of Plaintiff's HAP

---

[1]The property Plaintiff leased is located at 19960 Prevost Street, Detroit, Michigan 48235.

[2]Plaintiff included with her initial filing several evidentiary documents that were not marked as exhibits. The Court will refer to these documents by their docket page number.

contract. (*Id.*) Because Plaintiff had received $21,347 in HAP payments while she was in breach of the HAP contract, Defendant Westcot stated that Plaintiff had to repay that amount to MSHDA. (*Id.*)

Plaintiff replied to Defendant Westcot in a letter dated June 1, 2010. (Dkt. No. 1-12.) Plaintiff included with this letter an affidavit in which she admitted that she was related to her tenant, that her drivers license listed the rental property as her primary address, and that her vehicle was also registered at that address. However, Plaintiff denied that she had committed any fraud. Plaintiff further stated that she was entitled to an "opportunity to be heard and hearing on the issues involved[,]" and that she was "invok[ing her] Due Process Rights." (*Id.*)

Defendant Westcot replied to Plaintiff's letter on June 5, 2010, stating as follows:

> The HUD Regulations that govern the HCV Program do not contain a provision for hearings for landlord HCV participants; however, if you wish for an Informal Review to be conducted in regard to the termination of your HAP Contract, you should make a request for such a review in writing. For an Informal Review to be conducted, send your written request to my attention, along with any supporting documents you wish to have considered, and I will forward your materials to a [sic] HCV Manager, who will conduct a review.

(Dkt. No. 1-17.)

Plaintiff responded by letter dated June 18, 2010, requesting a review and again stating her belief that she was entitled to a hearing. (Dkt. No. 1-18.)

In a letter dated July 8, 2010, Defendant Carpenter informed Plaintiff that the evidence in her case had been reviewed and that it supported MSHDA's decision to terminate Plaintiff's HAP contract:

> As either one of the above-listed violations (owner related to tenant <u>or</u> owner occupies assisted unit) in and of itself constitutes a breach of the Hap Contract, and the file contains a preponderance of

4

> evidence to support either charge, I find that MSHDA acted
> properly in terminating your HAP Contract.

(Dkt No. 1-22) (emphasis in original.)

Plaintiff then filed the instant Petition requesting review of MSHDA's decision.

### III. STANDARD OF REVIEW

**A. Fed. R. Civ. P. 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) allows for dismissal of a claim due to a lack of subject matter jurisdiction. "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004); *See also RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1133-35 (6th Cir. 1996).

**B. Fed. R. Civ. P. 12(b)(2)**

Federal Rule of Civil Procedure 12(b)(2) allows for the dismissal of a claim when the Court lacks personal jurisdiction. The burden of proving personal jurisdiction is on the plaintiff. *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 360 (6th Cir. 2008).

> When, however, a district court rules on a jurisdictional motion to
> dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(2)
> without conducting an evidentiary hearing, the court must consider
> the pleadings and affidavits in a light most favorable to the plaintiff
> .... To defeat such a motion, a party [seeking assertion of
> personal jurisdiction] . . . need only make a prima facie showing of
> jurisdiction.

*CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).

**C. Fed. R. Civ. P. 12(b)(6)**

5

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). A motion to dismiss tests a plaintiff's claims for facial plausibility, or "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009). However, "[a] *pro se* complaint ... must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292 (1976)). Still, even under this lenient standard, *pro se* plaintiffs must meet basic pleading requirements and court-imposed deadlines. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

## IV. ANALYSIS

### A. Lack of Jurisdiction

Plaintiff argues that her claim is brought pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-704. (Pl.'s Resp. at 4-5.)

Section 701(b)(1) of the APA defines "agency" as "each authority of the Government of the United States[.]"

There is no reviewable action by a federal agency in this case. *See* 5 U.S.C. § 704. MSHDA was created by the Michigan Legislature in 1966. *See* Mich. Comp. Laws §§ 125.1401, *et seq.* Plaintiff's HAP contract was terminated by MSHDA, and the reasons for her contract

6

termination were reviewed by MSHDA. The actions at issue were thus undertaken solely by a state administrative agency, and the federal APA is inapplicable.

Plaintiff argues that the Court should nevertheless view MSHDA as a federal agency because it receives federal funding from HUD. Plaintiff provides no relevant legal authority for this argument. The fact that MSHDA receives HUD funding does not bring it within the purview of 5 U.S.C. § 701(b)(1). The Court will therefore dismiss Plaintiff's claim for lack of subject matter jurisdiction.

## B. Failure to State a Claim Upon Which Relief May Be Granted

The APA provides as follows: "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. Plaintiff admits that she violated the HAP contract by renting a unit to her relative, Perry Conway, but claims that Defendants should have allowed an exception in her case because "Mr. Conway is a terminally ill person whom [sic] needs to be near family and friends[.]" (Pet. at 6-7.) While HUD policies do allow an exception for owners providing a reasonable accommodation for a disabled family member, the HAP contract explicitly requires prior approval by the public housing agency. (Dkt. No. 1-25, Part B, ¶ 8(g).[3]) Plaintiff does not allege that she applied for or received such approval.

Plaintiff has therefore failed to allege sufficient facts to infer that she suffered a legal wrong. *Iqbal,* 129 S. Ct. at 1949. Plaintiff's claim that she is entitled to a hearing is likewise without merit. *See Connecticut Dept. of Public Safety v. Doe,* 538 U.S. 1, 8 (2003) ("Plaintiffs

---

[3]The Court notes that the relevant portion of the HAP contract provided with Plaintiff's Petition is blacked out and unreadable. Further, this modification is not initialed, indicating it was not agreed to by the parties, but was nevertheless added before the document was filed as an attachment with this Court. However, an unredacted HAP contract is publicly available at http://www.hud.gov/offices/adm/hudclips/forms/files/52641.pdf.

who assert a right to a hearing under the Due Process Clause must show that the facts they seek to establish in that hearing are relevant under the statutory scheme.").

Plaintiff has also failed to allege that she was "aggrieved by agency action within the meaning of a relevant statute . . . ." 5 U.S.C. § 702. None of the statutes cited by Plaintiff are relevant to the actions of MSHDA, a state administrative agency.

The Court will therefore dismiss this action for failure to state a claim under the APA.

## V. CONCLUSION

For the reasons stated above, the Court will:

(1) **DISMISS** Defendant Darcy Carpenter pursuant to E.D. Mich. LR 41.2;

(2) **GRANT** Defendants' Motion to Dismiss, and

(3) **DISMISS** Plaintiff's Petition **WITHOUT PREJUDICE.**

**SO ORDERED**.

Dated: 5-31-11
Detroit, Michigan

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE